607 F.Supp. 512 (1985)
I.A.M. NATIONAL PENSION FUND, BENEFIT PLAN A, et al., Plaintiffs,
v.
MONAL MANUFACTURING CO., INC., Defendant.
Civ. A. No. 84-2776.
United States District Court, District of Columbia.
April 18, 1985.
Robert T. Osgood, Washington, D.C., for plaintiffs.
No Response by defendant to Complaint  default filed.

MEMORANDUM ORDER
FLANNERY, District Judge.
This matter comes before the court on plaintiffs' motion to vacate, alter or amend *513 this court's Order and Judgment of March 6, 1985, which granted plaintiffs' motion for judgment on default with a reduction of plaintiffs' requested liquidated damages. After reexamination of the statutory provision in question and its legislative history, plaintiffs' motion will be denied.
Under 29 U.S.C. § 1132(g)(2)(C)(ii), plaintiffs are entitled to "liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount [of unpaid contributions] determined by the court under subparagraph (A)." The pension plan under which plaintiffs brought this claim provides for liquidated damages in an amount equal to the greater of $25 or one percent of the unpaid contribution for each full calendar month the contribution remains unpaid. At $25 per month, plaintiffs calculate that they would now be entitled to $550 in liquidated damages for the contribution due since March 1983, and $525 in liquidated damages for the contribution due since April 1983. That amount is, however, far in excess of twenty percent of the $504 in unpaid contributions to which the court found that plaintiffs were entitled. Because plaintiffs had not cited any federal or state law permitting a higher percentage of unpaid contributions as liquidated damages, the court awarded $100.80 as liquidated damages, which is equal to twenty percent of the amount of unpaid contributions.
Plaintiffs contend that under the law of the District of Columbia, liquidated damages are not limited to a percentage of the amount of actual damages found at the time of the breach. Therefore, they argue, District of Columbia law permits an award of liquidated damages in excess of twenty percent of the amount of unpaid contributions.
The state common law regarding liquidated damages is unlikely, however, to be helpful in determining whether liquidated damages in excess of twenty percent of unpaid contributions may be awarded under section 1132. Instead, the court concludes that the phrase "Federal or State law" refers not to the state common law regarding liquidated damages generally awardable under a contract, but to federal or state laws regarding remedies available for delinquent multiemployer pension plan contributions. This conclusion is supported by both the statutory language and the legislative history cited by plaintiffs,[1] as well as by the function of liquidated damages under the common law.
The limited legislative history of the enforcement provision of section 1132 provides that
in the case of a civil action by any person to collect delinquent multiemployer plan contributions, regardless of otherwise applicable law, the court before which the action is brought may award the plaintiff (1) reasonable attorneys fees, (2) court costs, and (3) liquidated damages not to exceed 20 percent of the amount of delinquent contributions as determined by the court. However, these items are to be awarded to a plaintiff only to the extent that the multiemployer plan in question provided for such an award. The bill preempts any State or other law which would prevent the award of reasonable attorneys fees, court costs or liquidated damages or which would limit liquidated damages to an amount below the 20 percent level. However, the bill does not preclude the award of liquidated damages in excess of the 20 percent level where an award of such a higher level of liquidated damages is permitted under applicable State or other law. The Committee amendment does not change any other type of remedy permitted under State or Federal law with respect *514 to delinquent multiemployer plan contributions.

H.R.Rep. No. 869, Pt. II, 96th Cong., 2d Sess. 48-49, reprinted in 1980 U.S.Code Cong. & Ad.News 2993, 3037-3038 (emphasis added). The import of this discussion is that Congress intended to supersede any state laws or other federal laws which might be designed or construed to limit a penalty for failure to make timely contributions to a multiemployer pension plan to an amount below twenty percent of unpaid contributions. Although a twenty percent "cap" was imposed on penalties that could be imposed by a plan, Congress left the states free to raise that cap. The "State or other law" to which courts are to look in determining whether that cap has been raised is not the state's common law on liquidated damages, however, but instead state laws regarding remedies "with respect to delinquent multiemployer plan contributions."
This interpretation is not only consistent with the language of the statute, but its validity is reinforced by the fact that adopting plaintiffs' position would render the twenty percent limitation a nullity. ERISA sets up a scheme which suggests the inapplicability of the common law standard. Plaintiffs are correct, of course, that the common law of the District of Columbia does not preclude parties from agreeing to liquidate damages in an amount exceeding twenty percent of the actual damages found at the time of the breach. Under common law, liquidated damages are a substitute for actual damages, when it appears at the time the contract is made that the injury that will be caused by breach will be difficult to estimate. See, e.g., A. Corbin, Corbin on Contracts (1964) § 1060. A limitation on liquidated damages to twenty percent of the amount of actual damages would vitiate the purpose for which parties agree to liquidate damages in advance, since parties would never agree to liquidate damages at an amount less than twenty percent of the damages they would actually suffer in the event of a breach. Accepting the common law rule on liquidated damages would render the twenty percent cap imposed by Congress meaningless because the common law never will limit liquidated damages to twenty percent of actual damages  and will thus always permit liquidated damages in an amount greater than twenty percent of the amount of actual damages as determined at the time of breach.
Further, under common law liquidated damages must represent a genuine pre-estimate by the parties of the extent of injury that will be caused by a future breach, Corbin §§ 1159-60, and will not be enforced if intended by the parties to secure performance by imposing a penalty in excess of the actual loss likely to be sustained. See, e.g., L. Simpson, Contracts (1965) at 399. Under section 1132(g)(2)(C), however, liquidated damages are intended as a penalty for untimely payment of contributions due under the pension plan as a means to enforce prompt payment, since they are paid in addition to, and not instead of, the amount of unpaid contributions. See 29 U.S.C. § 1132(g)(2)(C)(ii); 1980 U.S. Code Cong. & Ad.News 2918, 3037-3038. These two factors  the absence of any limitation on liquidated damages in relation to actual damages so long as the liquidated damages are a good-faith pre-estimate of damages that will result from a breach, and the unavailability of liquidated damages as a penalty for nonperformance  demonstrate that the availability of liquidated damages at common law is irrelevant in determining the amount of liquidated damages available under section 1132.
In sum, the court finds that plaintiffs' position is unsupported by either logic or the legislative history of section 1132. The "liquidated damages" contemplated in section 1132 are quite unlike liquidated damages permitted under the common law. The court holds that absent a provision in federal or state law specifically permitting a higher percentage of unpaid contributions as liquidated damages for nonpayment of required contributions under a multiemployer pension plan, liquidated damages ordered under section 1132(g) *515 (2)(C)(ii) may not exceed twenty percent of the amount of unpaid contributions.
Therefore, upon consideration of plaintiffs' motion to vacate, alter or amend this court's Order and Judgment of March 6, 1985, it is, by the court this 18th day of April, 1985,
ORDERED that plaintiffs' motion is denied.
NOTES
[1] Plaintiffs quote two sentences from an unidentified "Senate Committee Report" in support of their position. It appears, however, that no Senate Report was submitted with this legislation. 1980 U.S.Code Cong. & Ad.News 2918, 2918. The court assumes that plaintiffs were referring to H.R.Rep. No. 869, 96th Cong., 2d Sess., in which language identical to that quoted by plaintiffs appears.